## McCoy v. Quigly.

1. **Fraud:** SETTLEMENT. Evidence considered and held insufficient to establish fraud in a settlement between the parties.

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 16.

ACTION in equity to establish a mechanic's lien. Judgment for the plaintiff and defendant appeals.

*H. B. Fouke* and *E. McCeney*, for appellant

*S. M. Pollock*, for appellee.

SEEVERS, J.—I. The petition states the plaintiff did work and furnished materials for the erection or repair of a dwelling house, situate on real estate therein described, for the defendant; that disputes arose as to the amount due therefor, that said differences were compromised and settled, and

there was found due the plaintiff $1,664.70, which the defendant agreed and promised to pay; that defendant afterward did pay $664.70, leaving $1,000 with interest from date of settlement due and unpaid, for which amount the plaintiff asked the lien be established. The defendant denied there was any such settlement. At the time the alleged settlement was made the plaintiff claimed there was due him $1,829.60, and there were present at that time the plaintiff, one Keyes and the defendant. The two former in their evidence state what occurred at that time in substantially the same manner, and but one conclusion can be reached therefrom, and that is a settlement was then made and the amount found due to be $1,664.70, which the defendant promised and agreed to pay. That he then gave his note for $664.70, and agreed to pay the residue, being $1,000, as soon as he conveniently could. The only substantial difference between the defendant's evidence and that of Keyes and the plaintiff is that the defendant states he proposed to pay the $1,000 by giving his notes at six and twelve months, which plaintiff refused to accept, and thereupon the defendant declared the settlement was at an end.

All these parties, so far as we can judge, are of equal credibility, and we feel constrained to say the preponderance of the evidence is clearly with the plaintiff, and, therefore, the finding of the District Court that there was a settlement must be affirmed.

II. The defendant also pleaded the settlement was procured by fraud, and that it was originally understood and agreed between plaintiff and the defendant that the amount to be expended in making additions to and repairing the building was not to exceed $700, but that by reason of the plaintiff's fraudulent conduct defendant was induced to consent, and it was agreed the cost of the same should not exceed two thousand dollars, and that plaintiff, for the purpose of cheating and defrauding the defendant, "violated the said contract by pretending to have put on more

1. FRAUD : settlement.

work and expended more money on said improvements and repairs than said two thousand dollars, and fraudulently and corruptly charged more for materials furnished than he paid for, or they were reasonably worth, and charged this defendant with greater wages paid laborers than he in fact paid them, for the purpose of cheating and defrauding this defendant."

In response to a motion for a more specific statement, the defendant stated in an amended answer that defendant "fraudulently charged for the time of each workman employed at least fifty cents per day more than he actually paid said workmen so employed upon said work, and charged at least twenty per cent more for the material put into said building than he was required to pay for the same, and charged in said bill so furnished for a greater amount of material than was used, to the amount of twenty-five per cent thereof."

It will be observed there are three specifications of fraud only: *First.* In relation to the amount paid the workmen. *Second.* The amount paid for the materials, and *Third.* As to the quantity of materials furnished. The burden to establish these specifications is on the defendant.

As to the third and last, it was admitted on the trial "that the material named in the bills sworn to by McCoy as having been paid for by him went into the house."

As to the first specification the defendant was informed before the settlement he had been charged fifty cents more per day than the amount paid the carpenters by the defendant, and there is no evidence showing the amount so charged was not the usual and ordinary price. Finally, we do not understand this specification to be relied on in argument.

There is not a particle of evidence to sustain the second specification, except as to a gate for which the plaintiff charged $14.40, which the evidence tended to show was not worth more than seven or eight dollars. Conceding this to be so, we are not prepared to say the settlement was procured through fraud, by reason of the overcharge in the price of the gate. There was evidence tending to show a portion of the material

put into the house was rotten and of inferior quality. But there was no evidence tending to show it was not worth all that the plaintiff charged therefor.

We are unable to conclude from the evidence that the plaintiff acted fraudulently in making the house as constructed cost more than two thousand dollars. If he did the fraud was well known and understood by the defendant at the time the settlement was made. The judgment of the District Court must, therefore, be affirmed. The defendant superseded the judgment below, and the plaintiff asks for judgment on the bond in this court. To this he is entitled and it will be so ordered.

AFFIRMED.